

FILED
CLERK, U.S. DISTRICT COURT

JUN 3 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  REX DARRELL BERRY, State Bar No. 110219
   ERICK C. TURNER, State Bar No. 236186
2  BERRY & BLOCK LLP
   2150 River Plaza Drive, Suite 415
3  Sacramento, CA  95833
   (916) 564-2000
4  (916) 564-2024 FAX

5

   Attorneys for Defendant
6  WALGREEN CO.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 ANNA MISSOURI, an individual           Case No. **ACV11-5464**DSF(VBKx)

11      Plaintiff,                         DEFENDANT WALGREEN CO.'S
                                           NOTICE TO FEDERAL COURT OF
12 v.                                      REMOVAL OF CIVIL ACTION TO
                                           FEDERAL COURT
13 WALGREEN CO., an Illinois corporation,
   and DOES 1 through 35 inclusive,        
14
        Defendants.
15

16      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

17 CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ANNA MISSOURI AND

18 HER ATTORNEY OF RECORD:

19              I.      JURISDICTION

20      1.      This action has been removed and jurisdiction is proper pursuant to Sections 1332, 1441

21 and 1446 of Title 28 of the United States Code.

22      2.      Defendant Walgreen Co. ("Walgreens") hereby gives Notice of Removal of the above-

23 captioned action from the Los Angeles County Superior Court, Case No. BC462224, to this

24 Court, and states:

25      On or about May 31, 2011, Walgreens was served by Plaintiff Anna Missouri

26 ("Plaintiff") with a copy of the Summons and Complaint in the underlying state court action,

27 filed May 25, 2011 and captioned: *ANNA MISSOURI, an individual v. WALGREEN CO., an*

28 *Illinois corporation; and DOES 1-35 inclusive,* (Los Angeles County Superior Court – Central

1

DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

District, Case No. BC462224) (the "Complaint").  A copy of the Summons and Complaint are attached hereto as **Exhibit A**.  A copy of Defendant Walgreen Co.'s Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**.

## II.  DIVERSITY EXISTS BETWEEN THE PARTIES

1.  Complete diversity exists between Plaintiff and Walgreens pursuant to 28 U.S.C. § 1332(a)(2), as follows:

a.   At all times relevant herein, Plaintiff was, and is, a citizen of the State of California.  (Complaint at ¶1.)

b.   At all times relevant herein, Walgreens was, and is, incorporated under the laws of the State of Illinois and maintains its principal place of business in Deerfield, Illinois. (Declaration of John Mann ("Mann Decl."), ¶ 2.)  Walgreens' corporate headquarters is located in Deerfield, Illinois, and is the nerve center from which the corporation's high level officers direct, control, and coordinate the corporation's activities.  Corporate level decisions are made and the policies and procedures governing the operations of Walgreens retail stores and pharmacies are determined at the Deerfield, Illinois Corporate headquarters.  (Mann Decl., ¶ 3.) As a result, Walgreens is a corporate citizen of Illinois.  *See* 28 U.S.C. § 1332(c).

2.   As the only parties to this lawsuit are Walgreens and Plaintiff, complete diversity exists.

## III.  INCLUSION OF DOE DEFENDANTS DOES NOT DEFEAT DIVERSITY

1.   "For purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC § 1441(a) (emphasis added).  Thus, Plaintiff's inclusion of "Doe" defendants in his Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  *Newcombe v. Adolf Coors Co.*, 157 F3d 686, 690–691 (9th Cir. 1998).

## IV.  THE "MATTER IN CONTROVERSY" REQUIREMENTS OF 28 U.S.C. § 1332(a) ARE MET

1.   The "matter in controversy" requirements of 28 U.S.C. § 1332(a) are met in this matter because the damages claimed by Plaintiff exceed $75,000.00.  The "matter in controversy" may be determined based on the facts and claims alleged, "even though [the Complaint] did 'not

---

2

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

1    specify the numerical value of the damage claim.'" *McPhail v. Decure & Co.,* 529 F.3d 947,

2    955-56 (10th Cir. 2008) (*quoting Lucelett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.

3    1999). Here, Plaintiff claims that, among other things, she has been the victim of retaliation,

4    discrimination based on disability, failure to accommodate, and violation of medical leave laws.

5    She now prays for damages including compensatory damages, exemplary and punitive damages,

6    treble damages, and attorneys' fees. (**Exhibit A.**) Plaintiff's Complaint alleges a variety of

7    egregious facts and numerous claims, which are in controversy in this case. Plaintiff claims that

8    she was subjected to discrimination based on her disability, that she was denied her right to take

9    a leave of absence under CFRA, and that she was retaliated for taking medical leave, and that

10   her employment was terminated in violation of public policy. Walgreens denies each of

11   Plaintiff's allegations.

12       On these facts, Plaintiff alleges claims for:

13       a)    Disability discrimination and perceived disability discrimination in violation of

14   FEHA;

15       b)    Failure to engage in interactive process;

16       c)    Failure to accommodate disability in violation of FEHA;

17       d)    Interference with leave in violation of the CFRA;

18       e)    Retaliation in violation of FEHA;

19       f)    Failure to maintain an environment free of discrimination; and

20       g)    Wrongful termination in violation of public policy.

21       3.    Based on these alleged facts and claims, Plaintiff seeks the following recovery:

22       a)    For a money judgment representing compensatory damages;

23       b)    For punitive damages;

24       c)    Attorneys' fees;

25       d)    Treble damages;

26       e)    Costs of suit; and

27       f)    Prejudgment interest.

28

---

3

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT**

4.     Damage awards in discrimination cases alleging similar claims consist of actual damages, general damages, punitive damages, and attorneys' fees.  Such recoveries routinely exceed the $75,000.00 jurisdictional threshold.   Plaintiff also seeks the recovery of compensatory damages to compensate her for alleged "emotional distress."  To establish the probable scope of damages, a defendant may introduce evidence of jury verdicts in cases involving analogous facts.  *See Faulkner v. Astro-Med, Inc.*, 1999 WL 820198, *4 (N.D. Cal. 1999); *Miller*, 1997 WL 136242 at *4.  To this end, Walgreens highlights several cases with allegations similar to this one with substantial damage awards:

a)     *Wysanger v. Automobile Club of Southern California,* 57 Cal.App.4th 413 (2008) (affirming award of $250,000.00 in compensatory damages and $1,000,000.00 in punitive damages; failure to engage in interactive process and discrimination based on disability.)

b)     *Harvey v. Sybase, Inc.,* 161 Cal.App.4th 1547 (2008) (enforcing award of $1,300,000.00 in compensatory damages and $500,000.00 in punitive damages on claims of employment discrimination, harassment, and retaliation.)

c)     *McGee v. Tucoemas Federal Credit Union,* 153 Cal.App.4th 1351 (2007) (affirming award of $750,000.00 in compensatory damages and $1,200,000.00 in punitive damages on failure to accommodate disability claim.)

d)     *Arevalo v. Oregon Dept. of Motor Vehicles*, 208 F. Supp.2d 1160 (D. Or. 2002) (upholding $250,000.00 compensatory damages award in lawsuit alleging discrimination.)

e)     *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003) (upholding $360,000.00 compensatory damages award in lawsuit alleging discrimination.)

5.     A Court also may consider claims for punitive damages in determining the amount in controversy.  *See Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (court applies "only common sense" to determine that claim for punitive damages likely will exceed "matter in controversy" requirements for diversity jurisdiction); *see also Aucina v. Amoco Oil Co.,* 871

4

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

1    F.Supp. 332, 334 (S.D. Iowa 1994) (punitive damages claim against Fortune 500 company
2    makes it "apparent plaintiff's claims for punitive damages alone might exceed [the statutory
3    amount]." )  Walgreens is one of the country's largest pharmacy chains in the nation.  While
4    Walgreens denies that Plaintiff is entitled to recover any damages, much less punitive damages,
5    given the size of Walgreens' business operations, it is "apparent," *id*, that Plaintiff is likely to
6    claim punitive damages in excess of $75,000.00.

7    6.      In addition, the court may consider Plaintiff's claim for attorneys' fees under FEHA
8    (Cal. Gov't. Code § 12965(b)), because she is entitled to them by statute in the event she
9    prevails.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) ("Where an
10   underlying statute authorizes an award of attorneys fees, either with mandatory or discretionary
11   language, such fees may be included in the amount in controversy."); *Grant v. Chevron Phillips*
12   *Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) cert denied 583 U.S. 945 (attorneys fees available
13   under state statute must be considered in amount in controversy whether award of fees is
14   mandatory or discretionary).  Attorneys' fees in employment cases routinely exceed $75,000.00.
15   In this case, Plaintiff's counsel sent to Walgreens a settlement demand on October 5, 2010, in
16   which Plaintiff's counsel stated:  "***Should we be successful at trial, I anticipate that our***
17   ***attorneys' fee petition alone will be several hundred thousand dollars.***"  (**Exhibit C**; emphasis
18   in original.)

## V.      INTRADISTRICT ASSIGNMENT

20   1.      This case is properly assigned to the United States District Court for the Central District
21   of California, as the alleged events that give rise to the Complaint occurred within that
22   jurisdictional district.

## VI.      CONCLUSION

24   1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and the
25   state court action therefore is removable pursuant to 28 U.S.C. §1441, because this is a civil
26   action between citizens of different states and the matter in controversy exceeds the sum of
27   $75,000.00, exclusive of interest and costs, as described above.

28   / / /

2.     Contemporaneously with the filing of this pleading with the Clerk of the United States District Court for the Central District of California, Defendant is filing a Notice to State Court of Removal of Civil Action to Federal Court, attached hereto as **Exhibit D**, with the Clerk of the Los Angeles County Superior Court.

3.     Contemporaneously with the filing of this pleading with the Clerk of the United States District Court for the Central District of California, Defendant is serving a Notice to Adverse Party of Removal of Civil Action to Federal Court, attached hereto as **Exhibit E**.

4.     By this Notice of Removal, Walgreens does not waive any defenses it may have including, but not limited to, lack of personal or subject matter jurisdiction, insufficiency of service, absence of service, and any defense that it may assert pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby expressly reserves the right to assert any such defense in this action.

DATED:  June 28, 2011                          BERRY & BLOCK LLP


                                               By_____
                                               REX DARRELL BERRY
                                               ERICK C. TURNER
                                               Attorneys for Defendant
                                               WALGREEN CO.

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

*Missouri v. Walgreens, et al.*
Los Angeles Superior Court, Case No. BC462224
U.S.D.C., Central District, Case No. TBD

## DECLARATION OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am an employee of Berry & Block LLP, and my business address is 2150 River Plaza Drive, Suite 415, Sacramento, CA 95833. On this day I caused to be served the following document(s):

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☒   by placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as follows:

**Attorney for Plaintiff**
Douglas N. Silverstein
Michael G. Jacob
Jasmine A. Duel
KESLUCK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069-3309
(310) 273-3180; Fax: (310) 273-6137

☒   **BY MAIL:** I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal Service at Sacramento, California, after the close of the day's business.

☐   **BY PERSONAL DELIVERY:** I caused such envelope to be delivered by hand.

☐   **BY OVERNIGHT COURIER:** I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

☐   **BY FACSIMILE:** I caused such documents(s) to be transmitted by facsimile transmission from (916) 564-2024 to the person(s) and facsimile transmission without number(s) shown about. The facsimile transmission was reported as complete without error and a transmission report was properly issued by the transmitting facsimile machine. A true and correct copy of the transmission report will be attached to this proof of service after facsimile service is completed.

☐   **BY FEDERAL ELECTRONIC FILING:** I caused such document(s) to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and copies of the document(s) to the parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **June 28, 2011**, at Sacramento, California.

_____
Jenny O'Shaughnessy

**PROOF OF SERVICE**

Exhibit A

Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939) .
Jasmine A. Duel, Esq. (SBN 271872)
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California  90069-3309
Telephone:  (310) 273-3180
Facsimile:  (310) 273-6137
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com
jduel@californialaborlawattorney.com

Attorneys for Plaintiff ANNA MISSOURI

FILED
LOS ANGELES SUPERIOR COURT

MAY 2 5 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
      ROSINA LOPEZ

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ANNA MISSOURI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO.., an Illinois Corporation and DOES 1-35, inclusive,<br><br>Defendants. | CASE NO.   BC462224<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **Disability Discrimination and Perceived Disability Discrimination in Violation of FEHA;**<br><br>2. **Failure to Engage in the Interactive Process in Violation of FEHA;**<br><br>3. **Failure to Accommodate Disability in Violation of FEHA;**<br><br>4. **Interference With Leave in Violation of The California Family Rights Act;**<br><br>5. **Retaliation in Violation of FEHA;**<br><br>6. **Failure to Maintain an Environment Free From Discrimination; and**<br><br>7. **Wrongful Termination in Violation of Public Policy.**<br><br>**PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

CIT/CASE: BC462224 LEA/DEF#:
RECEIPT #: CCH47728052
DATE PAID: 05/25/11 03:03:23 PM
PAYMENT RECEIVED:
CHECK:          $395.00
CASH:
CHANGE:
CARD:           395.00
0310

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1    Plaintiff ANNA MISSOURI, an individual, alleges as follows:

2        1.    Plaintiff ANNA MISSOURI ("Plaintiff") is, and at all times relevant herein was,

3    an individual residing in the County of San Bernardino, State of California.

4        2.    Defendant WALGREEN CO. ("Walgreen" or "Defendant") is, and at all relevant

5    times herein was, a corporation organized and existing under the laws of the State of Illinois, and

6    is qualified to do business and is doing business in the County of Los Angeles, State of

7    California.

8        3.    Defendant WALGREEN is, and at all relevant times herein mentioned was, an

9    employer as the term is defined in the California Fair Employment and Housing Act ("FEHA").

10       4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

11   DOES 1 to 35, inclusive, and therefore sues these Defendants by such fictitious names.    Plaintiff

12   will amend this complaint to allege their true names and capacities when ascertained.    Plaintiff is

13   informed and believes and thereon alleges that each of the fictitiously named Defendants is

14   responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as

15   herein alleged were proximately caused by such Defendants.

16       5.    Plaintiff is informed and believes and thereon alleges, that each of the fictitiously

17   named Defendants were the agents, servants and employees of each of the named Defendants

18   and, in doing the acts and things herein alleged were, at all times, acting within the course and

19   scope of that agency, servitude and employment, and with the permission, consent and approval

20   or subsequent ratification of each of the named Defendants.  All references to Defendants include

21   the named Defendant and DOE Defendants herein.  Plaintiff is informed and believes and thereon

22   alleges, that at all material times, each of the Defendants was the agent and/or employee of each

23   of the remaining Defendants, and each of them, and was, at all material times, acting within the

24   purpose and scope of such agency and employment.

25       6.    Plaintiff is informed and believes and thereon alleges that there exists such a unity

26   of interest and ownership between Defendant, and DOES 1 - 35 that the individuality and

27   separateness of those Defendants have ceased to exist.  The business affairs of Defendant, and

28   DOES 1 - 35 are, and at all times relevant hereto were, so mixed and intermingled that the same

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2
PLAINTIFF'S COMPLAINT FOR DAMAGES

1  cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants is, and

2  at all times relevant hereto was, used by DOES 1 - 35, and each of them as mere shells and

3  conduit for the conduct of certain of Defendants' affairs.  The recognition of the separate

4  existence of Defendant, and DOES 1 - 35 would not promote justice, in that it would permit

5  Defendant to insulate themselves from liability to Plaintiff.  Accordingly, Defendant, and DOES

6  1 - 35 constitute the alter egos of each other, and the fiction of their separate existence must be

7  disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice

8  to Plaintiff herein.

9       7.     All conditions precedent (exhaustion of administrative remedies) to jurisdiction

10  has been complied with.  Plaintiff timely filed charges against Defendant with the California

11  Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice

12  as to each Defendant.  These documents have been timely served on Defendants via certified mail

13  with return receipt requested.

14

15                    **GENERAL ALLEGATIONS**

16       8.     Plaintiff became employed with Defendant on or about October 24, 2007, as a

17  sales clerk.

18       9.     At all times, Plaintiff performed her job in a competent and satisfactory manner.

19       10.    On or about August 12, 2009, there was a workplace fire in Defendant's store

20  while Plaintiff was on duty for her scheduled work shift.

21       11.    Defendant did not permit Plaintiff to exit Defendant's store to get fresh air and

22  relief from the excessive smoke inside.  WALGREEN' Store Manager, Debra Bruno, required

23  Plaintiff to remain in the store and continue to work and assist customers while the fire was being

24  put out.

25       12.    About two or three hours after the fire, Laura Callius, Defendant's Assistant

26  Manager, arrived at Defendant's store and provided Plaintiff with a face mask.  Defendant still

27  did not relieve Plaintiff from work, despite the excessive smoke inside.

28  ///

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3

PLAINTIFF'S COMPLAINT FOR DAMAGES

13.     Plaintiff suffered from nausea, dizziness and shortness of breath as a result of the workplace fire at Defendant's store.

14.     Plaintiff asked to see the doctor, but Debra Bruno told her there was nothing her employer could do for her.

15.     On or about September 11, 2009, Plaintiff visited a doctor. Plaintiff's doctor placed her on total temporary disability leave for seven days as a result of Plaintiff's headaches and injuries from the workplace fire.

16.     On or about September 18, 2009 Plaintiff's doctor released Plaintiff to work with accommodations, including but not limited to, limited standing or walking, sit down work, and a 10 minute stretch break every 90 minutes. Defendant did not adhere to these limitations or engage in any good faith interactive process regarding Plaintiff's request for accommodation.

17.     On or about October 23, 2009, Plaintiff was diagnosed by her doctor for "adjustment disorder with mixed anxiety and depression."

18.     On or about November 6, 2009, Plaintiff visited the doctor who then requested Plaintiff return to work with accommodation – a change in store location. Defendant refused to honor the accommodation or engage in a good faith interactive process regarding the request.

19.     On or about November 13, 2009, Plaintiff put in a request for medical leave pertaining to her mental disability with her store manager Debra Bruno. Laura Callius printed out the personal leave papers for Plaintiff. Plaintiff subsequently filled out the personal leave papers and Laura Callius reviewed Plaintiff's personal leave papers with her.

20.     Plaintiff submitted the leave papers to Debra Bruno. Plaintiff indicated on the leave papers that her reasons for leave were due to "depression and anxiety" and to care for her son following his surgery. Debra Bruno was aware of Plaintiff's condition and request for disability leave. Ms. Bruno notified Plaintiff she would fax the request to her supervisor Omar.

21.     Laura later told Plaintiff that her request for leave was approved.

22.     From on or about November 21, 2009 until May 2010, Plaintiff took leave for her mental disability/serious health condition.

///

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

23.     Plaintiff left work with assurance of employment upon return from her leave from Debra Bruno and Laura Callius.

24.     While on leave, Plaintiff periodically called Defendant to keep them up-to-date on her status and ensure her employment was secure.

25.     Plaintiff went into work in or about June 2010, to inform Defendants she was ready to resume work.  Debra Bruno told Plaintiff she first needed a doctor's note before she could resume work.

26.     Plaintiff's physician faxed Defendant a note indicating Plaintiff was able to resume work, without restrictions, in or about June 2010.

27.     The following day, Debra Bruno called Plaintiff and claimed that Plaintiff could not resume work because the duration of her personal leave was too long. Debra Bruno indicated that Plaintiff was terminated on April 1, 2010.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

#### (Against WALGREEN and DOES 1-35, Inclusive)

28.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

29.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of her physical disability.

30.     Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.  As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

/ / /

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

31.     Defendant, and each of them, were aware of Plaintiff's disability, and/or condition related to disability, as set forth above, because Plaintiff had informed Defendants of her disability/disability related condition and told Defendants of his limitations.

32.     Defendant perceived and regarded Plaintiff as having a disability and/or condition related to disability.

33.     At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

34.     On or April 1, 2009, Defendant terminated Plaintiff because of her disability and/or condition related to disability among other unlawful reasons.

35.     By engaging in the above  referenced  acts  and  omissions, WALGREEN and DOES 1-35, and each of them, discriminated against Plaintiff because of her disability in violation of  Government Code §§12940 et seq.

36.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

37.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

38.     The acts and conduct of Defendant, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendant, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendant, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

/ / /

Keshk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

39.     The acts of Defendants, and each of them, including Store Manager Debra Bruno, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers, directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendant's part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

40.     Furthermore, Plaintiff is entitled to treble damages pursuant to Civil Code §3345 in that at the time that Defendant engaged in the conduct previously alleged, Defendant, and each of them:

a)      Knew or should have known that their conduct was directed to Plaintiff, a disabled person as that term is defined under Civil Code §1761.

b)      Caused Plaintiff, a disabled person as that term is defined under Civil Code §1761, to suffer loss of principal employment and source of income;

c)      Knew that Plaintiff, a disabled person as that term is defined under Civil Code §1761, was substantially more vulnerable than other members of the public to the Defendants' conduct because of poor health or infirmity or disability, and actually suffered physical, emotional, or economic damage resulting from the Defendant's conduct.

41.     Plaintiff is entitled to attorneys' fees pursuant to Government Code §12965.

## SECOND CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

### (Against WALGREEN and DOES 1-35, Inclusive)

42.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1  cause of action

2      43.     Pursuant to California Government Code § 12940(n) WALGREEN and DOES 1-

3  35 inclusive, were required to engage with Plaintiff in a good faith interactive process to

4  determine the extent of his disability and/or condition related to disability and how it could be

5  reasonably accommodated.

6      44.     Plaintiff was at all times ready and willing to engage in the good faith interactive

7  mandated by California Government Code § 12940(n).  However WALGREEN and DOES 1-35

8  inclusive, failed to engage in said good faith interactive process with Plaintiff.

9      45.     On or about, April 1, 2009, WALGREEN terminated Plaintiff's employment as a

10  direct result of WALGREEN'S (and DOES 1-35 inclusive), failure to engage in any good faith

11  interactive process, among other unlawful reasons.

12      46.     By engaging in the above referenced acts and omissions, Defendant, and each of

13  them, and DOES 1-35 inclusive, discriminated against Plaintiff because of her disability in

14  violation of  Government Code §§12940 et seq.

15      47.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

16  continues to sustain economic damages in earnings and other employment benefits in an amount

17  according to proof.

18      48.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

19  continues to sustain non-economic damages and emotional distress, including but not limited to,

20  loss of sleep, anxiety, tension, depression, and humiliation.

21      49.     The acts and conduct of defendants, and each of them, constituted "malice,"

22  "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that

23  it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

24  conduct which was carried on by the Defendant, and each of them, with a willful and conscious

25  disregard of the rights of Plaintiff.

26      50.     The acts of Defendant, and each of them, were done fraudulently, maliciously and

27  oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

28  act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers,

PLAINTIFF'S COMPLAINT FOR DAMAGES

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, and each of them, with the intention of the Defendant's part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

51.     Plaintiff is entitled to attorneys' fees pursuant to Government Code §12965.

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

### (Against WALGREEN and DOES 1-35, Inclusive)

52.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

53.     Pursuant to California Government Code § 12940(m) and 12945(c), WALGREEN and DOES 1-35 inclusive, were required to reasonably accommodate Plaintiff's disability/disability related condition.  Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

54.     On or about April 1, 2010, WALGREEN terminated Plaintiff's employment as a direct result of WALGREEN'S (and DOES 1-35 inclusive) failure to accommodate Plaintiff's known disability and/or condition related to disability, among other unlawful reasons.

55.     By engaging in the above referenced acts and omissions, WALGREEN and DOES 1-35, and each of them, discriminated against Plaintiff because of her disability in violation of  Government Code §§12940 et sec.

56.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount Court according to proof.

/ / /

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

57.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

58.     The acts and conduct of defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendant, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendant, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

59.     The acts of Defendant, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers, directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, and each of them, with the intention of the Defendant's part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

60.     Plaintiff is entitled to attorneys' fees pursuant to Government Code §12965.

## FOURTH CAUSE OF ACTION

## INTERFERENCE WITH LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

## (Against WALGREEN and DOES 1-35, Inclusive)

61.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

62.     Plaintiff was an employee of Defendant who qualified for leave due to her own serious health condition pursuant to California Government Code Section 12945.2 et seq.

Keshuk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

63.     At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code Section 12945.2, in that Defendant regularly employed 50 or more people.

64.     Defendant and each of them, and DOES 1-35 inclusive embarked on a campaign of discrimination against Plaintiff because of her disability by the following continuous actions, and conduct, among others:

        (a) Plaintiff was entitled to leave pursuant to the Family Rights and Family Medical Leave Act

        (b) On or about April 1, 2010, Defendant, and each of them, and DOES 1-35 inclusive, terminated and retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code Section 12945.2 et seq.;

        (c) Defendant, and each of them, and DOES 1-35 inclusive, failed to give Plaintiff an opportunity at any time to return to work in violation of Government Code Section 12945.2 et seq.;

        (d) Defendant and each of them, and DOES 1-35 inclusive, refused to allow Plaintiff to retain Plaintiff's employee status and refused to return Plaintiff to work in violation of Government Code Section 12945.2 et seq.

65.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

66.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

67.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendant, and each of them, with a willful and conscious

Kesluk & Silberstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11
PLAINTIFF'S COMPLAINT FOR DAMAGES

1   disregard of the rights of Plaintiff.

2       68.    The acts of Defendant, and each of them, were done fraudulently, maliciously and

3   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

4   act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers,

5   directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each

6   of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

7   material facts known to Defendant, and each of them, with the intention of the Defendant's part to

8   deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

9   damages in an amount according to proof.

10       69.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §12965.

11

12                          **FIFTH CAUSE OF ACTION**

13                **RETALIATION IN VIOLATION OF FEHA**

14            **(Against WALGREEN and DOES 1-35, Inclusive)**

15       70.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

16   allegations contained in this complaint, and incorporates them by reference into this cause of

17   action as though fully set forth herein, excepting those allegations which are inconsistent with this

18   cause of action.

19       71.    At all times mentioned in this Complaint, the California Fair Employment and

20   Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was

21   binding on Defendant, and each of them.  These sections required Defendant, and each of them,

22   to refrain from retaliating against Plaintiff because she participated in a protected activity.

23       72.    Plaintiff participated in the protected activities of requesting reasonable

24   accommodation for her disability and disability related condition and requesting leave because of

25   her disability, disability related condition and serious health condition, and taking protected leave.

26       73.    On or about April 1, 2009, Defendant, and each of them, and DOES 1-35

27   inclusive, terminated Plaintiff because she requested reasonable accommodation and leave for her

28   disability/disability/serious health condition.

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

12

PLAINTIFF'S COMPLAINT FOR DAMAGES

74.     By engaging in the above referenced acts and omissions, Defendant, and each of them, retaliated against Plaintiff because she participated in protected activities in violation of Government Code §§12940 et sec.

75.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

76.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

77.     The acts and conduct of defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendant, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendant, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

78.     The acts of Defendant, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers, directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, and each of them, with the intention of the Defendant's part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

79.     Plaintiff is entitled to attorneys' fees pursuant to Government Code §12965.

/ / /

/ / /

/ / /

/ / /

/ / /

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411.
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

13

PLAINTIFF'S COMPLAINT FOR DAMAGES

**SIXTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM DISCRIMINATION AND**

**RETALIATION IN VIOLATION OF FEHA**

**(Against WALGREEN and DOES 1-35, Inclusive)**

80.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

81.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendant, and each of them.  These sections required Defendant, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination, harassment and retaliation.

82.     Defendants and each of them, and DOES 1-35 inclusive embarked on a campaign of discrimination and retaliation against Plaintiff because of his disability, disability and because he requested reasonable accommodation and leave and took protected leave by the following continuous actions, and conduct, among others:

a)     On or about August 2009, Plaintiff informed Defendant that she was suffering complications from her disability and that he needed to see a physician.

b)     On or about November 2009, after seeing her physician, Plaintiff informed Defendant that her physician had advised Plaintiff that she relocate stores. Plaintiff presented to Defendant, her physician's note indicating accommodations. Defendant refused.

c)     Plaintiff also informed Defendant of her need for disability leave, and Defendant failed to meaningfully engage in a good faith interactive process with her.

83.     On or about November 2009 until May 2010, Plaintiff took protected leave.

84.     On or about May 2010, Plaintiff requested that she be allowed to return to work.

Keshuk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

14

1  However, Defendant refused to allow Plaintiff to return to work.  Defendant indicated Plaintiff
2  was terminated April 1, 2010.

3       85.    By engaging in the above referenced acts and omissions, Defendant, and each of
4  them, failed to take all reasonable steps maintain a workplace environment free from unlawful
5  discrimination, harassment and retaliation in violation of <u>Government Code</u> §§12940 et sec.

6       86.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and
7  continues to sustain economic damages in earnings and other employment benefits in an amount
8  according to proof.

9       87.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and
10 continues to sustain noneconomic damages and emotional distress, including but not limited to,
11 loss of sleep, anxiety, tension, depression, and humiliation.

12      88.    The acts and conduct of defendants, and each of them, constituted "malice,"
13 "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that
14 it was intended by Defendant, and each of them, to cause injury to Plaintiff or was despicable
15 conduct which was carried on by the Defendant, and each of them, with a willful and conscious
16 disregard of the rights of Plaintiff.

17      89.    The acts of Defendant, and each of them, were done fraudulently, maliciously and
18 oppressively and with the advance knowledge, conscious disregard, authorization, ratification or
19 act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers,
20 directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each
21 of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of
22 material facts known to Defendant, and each of them, with the intention of the Defendant's part to
23 deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive
24 damages in an amount according to proof.

25      90.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §12965.

26 / / /
27 / / /
28 / / /

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

15

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

**WRONGFUL TERMINATIONIN VIOLATION OF PUBLIC POLICY**

**(Against WALGREEN and DOES 1-35, Inclusive)**

91.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

92.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from harassing, discriminating and retaliating against any individual based on perceived and/or physical disability, based upon exercise of rights under that section.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendant, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

93.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §§12945 and 12945.2 was to prohibit employers from discriminating and retaliating against any individual based on disability and/or their taking, requesting or needing Family Medical/maternity Leave.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendant, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12945 and 12945.2 et seq., and the laws and regulations

*Keshk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   promulgated thereunder.

2       94.    Defendant's discharge of Plaintiff on or about April 1, 2010 violated the

3   aforementioned fundamental principles of public policy in that there is a substantial and

4   fundamental policy against disability, disability and gender discrimination in employment as

5   delineated in the FEHA.

6       95.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

7   continues to sustain economic damages in earnings and other employment benefits in an amount

8   according to proof.

9       96.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

10  continues to sustain noneconomic damages and emotional distress, including but not limited to,

11  loss of sleep, anxiety, tension, depression, and humiliation.

12      97.    The acts and conduct of defendant, and each of them, constituted "malice,"

13  "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that

14  it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

15  conduct which was carried on by the Defendants, and each of them, with a willful and conscious

16  disregard of the rights of Plaintiff.

17      98.    The acts of Defendant, and each of them, were done fraudulently, maliciously and

18  oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

19  act of oppression, within the meaning of Civil Code §3294 on the part of Defendant's officers,

20  directors, or managing agents of the corporation. The actions and conduct of Defendant, and each

21  of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

22  material facts known to Defendant, and each of them, with the intention of the Defendant's part to

23  deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

24  damages in an amount according to proof.

25      99.    Plaintiff is entitled to attorneys' fees pursuant to California Code of Civil

26  Procedure §1021.5.

27  / / /

28  / / /

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

17

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, and DOES 1 through 35, jointly and severally, as follows:

1.    For economic damages according to proof;

2.    For non-economic damages according to proof;

3.    For prejudgment interest;

4.    For an award of exemplary and punitive damages according to proof;

5.    For reasonable attorneys' fees pursuant to Government Code §12965(b), the

6.    Treble damages pursuant to Civil Code § 3345;

7.    For costs of suit herein incurred; and

8.    For such other relief as the court deems proper.

DATED: MAY 24, 2011          KESLUK & SILVERSTEIN, P.C.

By _____
Douglas N. Silverstein, Esq
Michael G. Jacob, Esq.
Jasmine A. Duel, Esq.
Attorneys for Plaintiff ANNA MISSOURI

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

DATED: MAY 24, 2011          KESLUK & SILVERSTEIN, P.C.

By _____
Douglas N. Silverstein, Esq
Michael G. Jacob, Esq.
Jasmine A. Duel, Esq.
Attorneys for Plaintiff ANNA MISSOURI

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

18

PLAINTIFF'S COMPLAINT FOR DAMAGES

Exhibit B

1    REX DARRELL BERRY, State Bar No. 110219
     ERICK C. TURNER, State Bar No. 236186
2    BERRY & BLOCK LLP
     2150 River Plaza Drive, Suite 415
3    Sacramento, CA  95833
     (916) 564-2000
4    (916) 564-2024 FAX

5

6    Attorneys for Defendant
     WALGREEN CO.

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

JUN 20 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

7

8                    **SUPERIOR COURT OF CALIFORNIA**

           **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

10    ANNA MISSOURI,             )   Case No. BC462224  Dept- 71

11        Plaintiff,             )
                               )   **DEFENDANT WALGREEN CO.'S**

12    v.                           )   **ANSWER TO COMPLAINT**

13    WALGREEN CO., an Illinois corporation,   )
     and DOES 1 through 35 inclusive,      )

14                                     )   *Complaint filed: 05/25/11*
       Defendants.            )

15                                       BY FAX

16    TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

17        Defendant Walgreen Co., ("Walgreens") hereby answers the unverified Complaint

18    ("Complaint") filed by Plaintiff Anna Missouri ("Plaintiff") as follows:

19                              **GENERAL DENIAL**

20        Pursuant to California Code of Civil Procedure section 431.30, Walgreens denies,

21    generally and specifically, each and every purported allegation and cause of action in the

22    Complaint, and denies that Plaintiff sustained injuries or damages in any sum, or at all.

23                         **AFFIRMATIVE DEFENSES**

24                     **FIRST AFFIRMATIVE DEFENSE**

25        As a first affirmative defense, Walgreens pleads that Plaintiff's Complaint, and each and

26    every claim purportedly set forth therein, fails to state facts sufficient to constitute a claim or

27    claims upon which relief can be granted.

28    ///

                                        1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Walgreens pleads that Plaintiff was an at-will employee, and each personnel action by Walgreens of which Plaintiff complains, if they occurred, were taken for a legitimate reason not prohibited by law or in breach of the terms of any agreement between the parties.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Walgreens pleads that irrespective of any alleged improper motive, which Walgreens denies, Walgreens's decisions regarding Plaintiff's employment would have been the same.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the fact that the alleged conduct by Walgreens was justified under the given circumstances.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, Walgreens plead that Plaintiff has failed to mitigate her damages, if any, by not exercising reasonable efforts and due diligence to obtain suitable alternative employment.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred and/or damages are limited or precluded by the doctrine of after-acquired-evidence.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrines of estoppel and/or waiver.

/ / /

---

2

DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, Walgreens pleads that Plaintiff's damages, if any, were brought about by Plaintiff's own conduct, not the conduct of any Walgreens or any agent of Walgreens.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, Walgreens pleads that Plaintiff's damages, if any, must be set off against any other source of compensation available to Plaintiff, including but not limited to wages and benefits that were or could have been earned at other employment.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh affirmative defense, Walgreens pleads that Plaintiff may not recover punitive or exemplary damages against Walgreens as no officer, director, or corporate managing agent committed, ratified or condoned malicious or oppressive conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of consent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, fails to state facts sufficient to support allegations of oppression, fraud, and/or malice.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth affirmative defense, Walgreens pleads that Plaintiff failed to exhaust all the administrative remedies that were prerequisites to filing this action, and therefore this action is barred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth affirmative defense, Walgreens pleads that Walgreens is not liable for Plaintiff's claimed emotional or physical injuries to the extent they arise out of pre-existing physical or mental conditions and/or other non-employment injuries or life stressors.

/ / /

**DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT**

1

### SIXTEENTH AFFIRMATIVE DEFENSE

2       As a sixteenth affirmative defense, Walgreens pleads that the claims alleged in the

3   Complaint are barred by the doctrine of Workers' Compensation exclusivity.

4

### SEVENTEENTH AFFIRMATIVE DEFENSE

5       As a seventeenth affirmative defense, Walgreens pleads that each of Plaintiff's Causes of

6   Action are barred by the applicable statute of limitations.

7

### EIGHTEENTH AFFIRMATIVE DEFENSE

8       As an eighteenth affirmative defense, Walgreens pleads that each of Plaintiff's Causes of

9   Action are barred by the doctrine of laches.

10       WHEREFORE, reserving the right to allege any further affirmative defenses that become

11   apparent during discovery and having fully answered the Complaint, Walgreens prays that

12   Plaintiff's claims be dismissed with prejudice and that Plaintiff take nothing thereby; that

13   Walgreens be awarded judgment in its favor and its attorneys' fees and costs incurred in defense

14   of this action; and such other relief in Walgreens' favor as the Court deems just and proper.

15

16   DATED:  June 20, 2011                                    BERRY & BLOCK LLP

17

18                                                            By
                                                             REX DARRELL BERRY
19                                                           ERICK C. TURNER
                                                             Attorneys for Defendant
20                                                           WALGREEN CO.

21

22

23

24

25

26

27

28

**DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT**

1 | *Missouri v. Walgreens, et al.*
Los Angeles Superior Court, Case No. BC462224

2

### DECLARATION OF SERVICE

3

4      I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am an employee of Berry & Block LLP, and my business address is 2150 River Plaza Drive, Suite 415, Sacramento, CA 95833. On this day I caused to be served the following document(s):

5

6              **DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT**

7      ☒    by placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as follows:

8

9          **Attorney for Plaintiff**
Douglas N. Silverstein
Michael G. Jacob

10      Jasmine A. Duel
KESLUCK & SILVERSTEIN, P.C.

11      9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069-3309

12      (310) 273-3180; Fax: (310) 273-6137

13      ☒    **BY MAIL:** I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal Service at Sacramento, California, after the close of the day's business.

14

15      ☐    **BY PERSONAL DELIVERY:** I caused such envelope to be delivered by hand.

16      ☐    **BY OVERNIGHT COURIER:** I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

17

18      ☐    **BY FACSIMILE:** I caused such documents(s) to be transmitted by facsimile transmission from (916) 564-2024 to the person(s) and facsimile transmission without number(s) shown about. The facsimile transmission was reported as complete without error and a transmission report was properly issued by the transmitting facsimile machine. A true and correct copy of the transmission report will be attached to this proof of service after facsimile service is completed.

19

20

21

22      ☐    **BY FEDERAL ELECTRONIC FILING:** I caused such document(s) to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and copies of the document(s) to the parties.

23

24      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25      Executed on ***June 20, 2011***, at Sacramento, California.

26

27      _____
Jenny O'Shaughnessy

28

---

**PROOF OF SERVICE**

Exhibit C

BRIAN S. KESLUK
DOUGLAS N. SILVERSTEIN
MICHAEL G. JACOB
DAVID A. COHN
LAUREN J. MORRISON
CATHERINE J. ROLAND

LAW  OFFICES  OF



KESLUK & SILVERSTEIN

9255 SUNSET BLVD., SUITE 411
LOS ANGELES, CA 90069
TELEPHONE (310) 273-3180
FACSIMILE (310) 273-9137
www.californialaborlawattorney.com

Brian S. Kesluk, Esq.
bkesluk@californialaborlawattorney.com

October 5, 2010

*via Certified Mail and First Class Mail*          *Evidence Code § 1152*

Debra Bruno, Manager
Walgreen's
1280 West Foothill Boulevard
Rialto, California  92376

          Re:   Wrongful Termination of Anna Missouri

Dear Ms. Bruno:

Our firm has been retained by Anna Missouri regarding her claim for wrongful
termination, retaliation and disability discrimination against Walgreen's (hereinafter "the
Company"). As a result of our preliminary investigation, it is our position that Ms.
Missouri has been a victim of the Company's breach of its statutory obligations resulting
in a wrongful termination in violation of statute and public policy. The associated claims
are failing to prevent discrimination, failing to engage in the interactive process,
retaliation in violation of Labor Code Section 132A, and intentional and negligent
infliction of emotional distress.

Enclosed herewith are Ms. Missouri's DFEH Complaint and Right-To-Sue Notice, thus
clearing the way for the filing of a civil action in the event litigation becomes inevitable.

Facts of Ms. Missouri's Case

Ms. Missouri worked as a sales clerk with the Company from October 24, 2007 until her
wrongful termination on April 1, 2010. On August 12, 2009, she was injured as a result
of a workplace fire at the store. Though she wanted to leave, her manager had her remain
at work while they put out the fire.

Ms. Missouri asked to see the doctor, but her manager told her there was nothing the
employer could do for her. Ms. Missouri persisted and received treatment for
"adjustment disorder with anxiety and depression." On November 6, 2009, Ms.
Missouri's doctor released her to return to work with an accommodation - - a change in
store location. The Company refused.

# KESLUK & SILVERSTEIN

Ms. Missouri was released to work without restriction on June 11, 2010. The Company refused to allow her to return to work, stating that she had exhausted her available leave and was terminated April 1, 2010.

## Disability Discrimination

The California Fair Employment and Housing Act (FEHA) prohibits California employers from discriminating against employees on the basis of perceived physical or mental disability. *Government Code* § 12926 *et seq.* Ms. Missouri was disabled as a result of a workplace injury. The Company refused to accommodate her need for a change in store location and refused to extend her leave.

## Multiple Violations by The Company

Here, the Company violated California law by discriminating against Ms. Missouri because of her disability and her need to utilize protected CFRA/FMLA leave. The Company also retaliated against Ms. Missouri for making a workplace injury claim in violation of *Labor Code* § 132a. Furthermore, the Company failed to accommodate a reasonable request for an accommodation and failed to engage in the interactive process to find reasonable solutions to get Ms. Missouri back to work.

## Damages

Ms. Missouri's potential damages for the above-described causes of action are substantial. As for her economic damages, she would be entitled to lost earnings from the date of her wrongful termination. She would also be entitled to all of the Company's benefits that she was prevented from enjoying after her termination. In addition, Ms. Missouri will undoubtedly recover sizeable emotional distress damages. The loss of her job in this economy devastated her. Jurors will understand that.

*We also believe that Ms. Missouri's story and the Company's blatant disregard of its legal obligations will inflame a jury and possibly cause it to award punitive damages for this malicious and oppressive behavior.*

## Attorneys' Fees

Moreover, virtually all of Ms. Missouri's claims include statutory attorneys' fees. See *Government Code* § 12965('b). Naturally, the availability of attorneys' fees here greatly increases the risk to the Company and virtually ensures a sizeable recovery for our client.

. KESLUK & SILVERSTEIN

Conclusion

Our firm remains prepared to litigate this case though trial, but we realize that it might be
in the best interests of the Company to explore the possibility of early settlement. *Should
we be successful at trial, I anticipate that our attorneys' fee petition alone will be
several hundred thousand dollars.*

Accordingly, we propose that the parties participate in mediation with a neutral mediator
that attorneys from both sides respect. Such a mediator would be able to listen to both
sides of the story and render objective feedback on the relative merits of the case.

If we do not hear from you or your attorneys within thirty (30) days, we will assume that
you are not interested in settling this matter and we will proceed to file the appropriate
complaint on behalf of our client. *Irrespective of the foregoing, let this serve as a
request pursuant to Labor Code § 432, that the Company immediately forward to my
attention, Ms. Missouri's entire personnel file, including, but not limited to, her
employment records, personnel records and all documents signed by her.* . Our client's
Authorization to Release Employment and Payroll Records is enclosed herewith.

Notably, *Labor Code* § 226(c) provides in relevant part that: "An employer who receives
a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining
to a current or former employee shall comply with the request as soon as practicable, but
*no later than 21 calendar days from the date of the request.* A violation of this
subdivision is an infraction..."

We look forward to hearing from you about the possibility of mediating this matter.
Please contact me if you have any questions or comments regarding the foregoing.

Very truly yours,

KESLUK & SILVERSTEIN, P.C.

Brian S. Kesluk, Esq.

BSK/klc
Enclosures

Exhibit D

1   REX DARRELL BERRY, State Bar No. 110219
    ERICK C. TURNER, State Bar No. 236186
2   BERRY & BLOCK LLP
    2150 River Plaza Drive, Suite 415
3   Sacramento, CA  95833
    (916) 564-2000
4   (916) 564-2024 FAX

5

    Attorneys for Defendant
6   WALGREEN CO.

7

8                    **SUPERIOR COURT OF CALIFORNIA**

                **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**
9

10

11  ANNA MISSOURI,                    ) Case No. BC462224
                                      )
12          Plaintiff,                )
                                      ) **DEFENDANT WALGREEN CO.'S**
13  v.                                ) **NOTICE TO STATE COURT OF**
                                      ) **REMOVAL OF CIVIL ACTION TO**
14  WALGREEN CO., an Illinois corporation, ) **FEDERAL COURT**
    and DOES 1 through 35 inclusive,  )
15                                    )
            Defendants.               ) *Complaint filed: 05/25/11*
16  _____   )

17          PLEASE TAKE NOTICE that Defendant Walgreen Co. filed the attached Notice of

18  Removal in the United States District Court for the Central District of California, effecting

19  removal of this case from the Los Angeles County Superior Court to the United States District

20  Court for the Central District of California.  (See **Exhibit A**.)

21          PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in

22  accordance with the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 (diversity

23  jurisdiction).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

_____

                                       1

**DEFENDANT WALGREEN CO.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO
                              FEDERAL COURT**

1        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446, the filing of the

2   Notice of Removal effects the removal of the above-styled action to the United States District

3   Court, and this Court may proceed no further unless and until the case is remanded.

4

5   DATED:  June 28, 2011                              BERRY & BLOCK LLP

6

7                                                      By _____
                                                          REX DARRELL BERRY
8                                                         ERICK C. TURNER
                                                          Attorneys for Defendant
9                                                         WALGREEN CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

2

**DEFENDANT WALGREEN CO.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT**

1    *Missouri v. Walgreens, et al.*
     Los Angeles Superior Court, Case No. BC462224
2    U.S.D.C., Central District, Case No. TBD

3                          **DECLARATION OF SERVICE**

4           I am a citizen of the United States, over the age of 18 years, and not a party to or
     interested in this action.  I am an employee of Berry & Block LLP, and my business address is
5    2150 River Plaza Drive, Suite 415, Sacramento, CA  95833.  On this day I caused to be served the
     following document(s):
6
7    **DEFENDANT WALGREEN CO.'S NOTICE TO STATE COURT OF REMOVAL OF
     CIVIL ACTION TO FEDERAL COURT**

8    ☒    by placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as
9          follows:

10         **Attorney for Plaintiff**
           Douglas N. Silverstein
11         Michael G. Jacob
           Jasmine A. Duel
12         KESLUCK & SILVERSTEIN, P.C.
           9255 Sunset Boulevard, Suite 411
13         Los Angeles, CA  90069-3309
           (310) 273-3180; Fax: (310) 273-6137

14   ☒    **BY MAIL:**  I am familiar with this firm's practice whereby the mail, after being placed in
15         a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal
           Service at Sacramento, California, after the close of the day's business.

16   ☐    **BY PERSONAL DELIVERY**:  I caused such envelope to be delivered by hand.

17   ☐    **BY OVERNIGHT COURIER:**  I caused such envelope to be placed for collection and
18         delivery in accordance with standard overnight delivery procedures for delivery the next
           business day.

19   ☐    **BY FACSIMILE:**  I caused such documents(s) to be transmitted by facsimile
20         transmission from (916) 564-2024 to the person(s) and facsimile transmission without
           number(s) shown about.  The facsimile transmission was reported as complete without
21         error and a transmission report was properly issued by the transmitting facsimile machine.
           A true and correct copy of the transmission report will be attached to this proof of service
22         after facsimile service is completed.

23   ☐    **BY FEDERAL ELECTRONIC FILING:**  I caused such document(s) to be
           electronically filed with the Clerk of the Court using the CM/ECF system, which will send
24         notification of such filing and copies of the document(s) to the parties.

25          I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.  Executed on ***June 28, 2011***, at Sacramento, California.
26                                                            30

27                                         _____
                                                Jenny O'Shaughnessy
28

                                         **PROOF OF SERVICE**

Exhibit E

1   REX DARRELL BERRY, State Bar No. 110219
    ERICK C. TURNER, State Bar No. 236186
2   BERRY & BLOCK LLP
    2150 River Plaza Drive, Suite 415
3   Sacramento, CA  95833
    (916) 564-2000
4   (916) 564-2024 FAX

5

    Attorneys for Defendant
6   WALGREEN CO.

7
                    SUPERIOR COURT OF CALIFORNIA
8
            COUNTY OF LOS ANGELES – CENTRAL DISTRICT
9

10  ANNA MISSOURI,                    ) Case No. BC462224
                                      )
11       Plaintiff,                   ) **DEFENDANT WALGREEN CO.'S**
                                      ) **NOTICE TO ADVERSE PARTY OF**
12  v.                                ) **REMOVAL OF CIVIL ACTION TO**
                                      ) **FEDERAL COURT**
13  WALGREEN CO., an Illinois corporation, )
    and DOES 1 through 35 inclusive,  )
14                                    )
         Defendants.                  ) *Complaint filed: 05/25/11*
15  _____ )

16       PLEASE TAKE NOTICE that on June 29, 2011, Defendant Walgreen Co. filed a Notice

17  of Removal with the Clerk of the United States District Court for the Central District of

18  California.  A copy of said notice and attachments thereto are attached hereto as **Exhibit A**.

19

20  DATED:  June 28, 2011                    BERRY & BLOCK LLP

21
                                            By_____
22                                            REX DARRELL BERRY
                                              ERICK C. TURNER
23                                            Attorneys for Defendant
                                              WALGREEN CO.
24

25

26

27

28

                                         1
    **DEFENDANT WALGREEN CO.'S NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION**
                            **TO FEDERAL COURT**

1 | *Missouri v. Walgreens, et al.*
Los Angeles Superior Court, Case No. BC462224
2 | U.S.D.C., Central District, Case No. TBD

3 | <center>**DECLARATION OF SERVICE**</center>

4 |      I am a citizen of the United States, over the age of 18 years, and not a party to or
interested in this action.  I am an employee of Berry & Block LLP, and my business address is
5 | 2150 River Plaza Drive, Suite 415, Sacramento, CA  95833.  On this day I caused to be served the
following document(s):

6 |

7 | <center>**DEFENDANT WALGREEN CO.'S NOTICE TO ADVERSE PARTY OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT**</center>

8 | ☒   by placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as
9 | follows:

10 | **Attorney for Plaintiff**
Douglas N. Silverstein
11 | Michael G. Jacob
Jasmine A. Duel
12 | KESLUCK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
13 | Los Angeles, CA  90069-3309
(310) 273-3180; Fax: (310) 273-6137

14 | ☒   **BY MAIL:**  I am familiar with this firm's practice whereby the mail, after being placed in
15 | a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal
Service at Sacramento, California, after the close of the day's business.

16 | ☐   **BY PERSONAL DELIVERY:**  I caused such envelope to be delivered by hand.

17 | ☐   **BY OVERNIGHT COURIER:**  I caused such envelope to be placed for collection and
18 | delivery in accordance with standard overnight delivery procedures for delivery the next
business day.

19 | ☐   **BY FACSIMILE:**  I caused such documents(s) to be transmitted by facsimile
20 | transmission from (916) 564-2024 to the person(s) and facsimile transmission without
number(s) shown about.  The facsimile transmission was reported as complete without
21 | error and a transmission report was properly issued by the transmitting facsimile machine.
A true and correct copy of the transmission report will be attached to this proof of service
22 | after facsimile service is completed.

23 | ☐   **BY FEDERAL ELECTRONIC FILING:**  I caused such document(s) to be
electronically filed with the Clerk of the Court using the CM/ECF system, which will send
24 | notification of such filing and copies of the document(s) to the parties.

25 |      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on *June 28, 2011*, at Sacramento, California.

26 |                                                                    30

27 |

28 |                                    _____
                                       Jenny O'Shaughnessy

<center>**PROOF OF SERVICE**</center>