REX DARRELL BERRY, State Bar No. 110219
ERICK C. TURNER, State Bar No. 236186
BERRY & BLOCK LLP
2150 River Plaza Drive, Suite 415
Sacramento, CA 95833
(916) 564-2000
(916) 564-2024 FAX

Attorneys for Defendant
WALGREEN CO.


DOUGLAS N. SILVERSTEIN, State Bar No. 181957
MICHAEL G. JACOB, State Bar No. 229939
JASMINE A. DUEL, State Bar No. 271872
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069-3309
(310) 273-3180
(310) 273-6137 FAX

Attorneys for Plaintiff
ANNA MISSOURI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MISSOURI, | ) Case No. CV 11-5464 DSF |
| Plaintiff, | ) |
| v. | ) **JOINT RULE 26(f) REPORT** |
| WALGREEN CO., an Illinois corporation, and DOES 1 through 35 inclusive, | ) |
| Defendants. | ) |

Plaintiff Anna Missouri ("Plaintiff") and Defendant Walgreen Co. ("Walgreens"), through their respective counsel, hereby jointly submit this Case Management Conference Statement and Proposed Order, pursuant to Federal Rule of Civil Procedure 26(f), and request the Court to adopt it as its Case Management Order in this Case.

## DESCRIPTION OF THE CASE

a. <u>Statement of the Case.</u>

**Plaintiff's Statement of the Case:**

On or about September 11, 2009, Plaintiff's doctor placed her on total temporary disability leave for seven days as a result of Plaintiff's headaches and injuries from an August 12, 2009 workplace fire. On or about September 18, 2009 Plaintiff's doctor released Plaintiff to work with accommodations, including but not limited to, limited standing or walking, sit down work, and a 10 minute stretch break every 90 minutes. Defendant did not adhere to these limitations or engage in any good faith interactive process regarding Plaintiff's request for accommodation. On or about October 23, 2009, Plaintiff was diagnosed by her doctor for "adjustment disorder with mixed anxiety and depression." On or about November 6, 2009, Plaintiff's doctor recommended Plaintiff return to work with accommodation – a change in store location. Defendant refused to honor the accommodation or engage in a good faith interactive process regarding the request.

On or about November 13, 2009, Plaintiff put in a request for medical leave pertaining to her mental disability with her store manager Debra Bruno, indicating on that her reasons for leave were due to "depression and anxiety" and to care for her son following his surgery. Ms. Callius later told Plaintiff that her request for leave was approved.

From on or about November 21, 2009 until May 2010, Plaintiff took leave for her mental disability/serious health condition. Plaintiff left work with assurance of employment upon return from her leave from Debra Bruno and Laura Callius, and Plaintiff periodically called Defendant to keep them up-to-date on her status and ensure her employment was secure.

Plaintiff went into work in or about June 2010, to inform Defendants she was ready to resume work. Debra Bruno told Plaintiff she first needed a doctor's

note before she could resume work. Plaintiff's physician faxed Defendant a note indicating Plaintiff was able to resume work, without restrictions, in or about June 2010. The following day, Debra Bruno called Plaintiff and claimed that Plaintiff could not resume work because the duration of her personal leave was too long. Debra Bruno indicated that Plaintiff was terminated on April 1, 2010.

**Walgreens' Statement of the Case:**

Walgreens denies Plaintiff's allegations and states that Plaintiff is not entitled to recover damages.

b. <u>Subject Matter Jurisdiction</u>.

Jurisdiction is proper pursuant to Sections 1332, 1441 and 1446 of Title 28 of the United States Code. Complete diversity exists between Plaintiff and Walgreens pursuant to 28 U.S.C. § 1332(a)(2), as Plaintiff was, and is, a citizen of the State of California and Walgreens was, and is, incorporated under the laws of the State of Illinois and maintains its principal place of business in Deerfield, Illinois.

c. <u>Legal Issues</u>.

Whether Defendant discriminated against Plaintiff due to disability;

Whether Defendant engaged in the interactive process;

Whether Defendant performed an undue hardship analysis;

Whether Defendant interfered with Plaintiff taking leave pursuant to CFRA/FMLA and/or retaliated against Plaintiff for taking leave;

Whether Defendant could have reasonably accommodated Plaintiff's requests for accommodation, including but not limited to leave, without causing undue hardship;

Whether Defendant failed to take all reasonable steps to prevent discrimination and retaliation from occurring; and

Whether Defendant wrongfully terminated Plaintiff in violation of California public policy.

d. <u>Parties, Evidence, Etc.</u>

The only parties to this lawsuit are Plaintiff Anna Missouri and Defendant Walgreen Co.

**Plaintiff's Evidence, Witnesses, and Key Documents:**

1. Plaintiff Anna Missouri; (must be contacted through Plaintiff's counsel)
2. Debra Bruno (contact information in Defendant's possession)
3. Laura Callius (contact information in Defendant's possession)
4. Plaintiff's treating physicians and medical staff, including all individuals treating Plaintiff through US Healthworks Medical Group, including Christian Derefield, P.A..
5. Michael Barsom, M.D., 1760 Chicago Avenue, Suite J3, Riverside, CA 92507; (951) 781-2200;
6. Tanya Demchuk, Sedgwick Claims Examiner - (916) 771-2900, Ext. 12943;
7. Randy Mitsuhashi – Walgreen's store manager alleged to have harassed and discriminated against a disabled employee in Los Angeles County (contact information unknown to Plaintiff)
8. Jose Hernandez - another individual alleging disability discrimination by Walgreen's in Los Angeles County (contact information unknown to Plaintiff)
9. All witnesses identified by Defendant.

Plaintiff anticipates that key evidence and documents will include Defendant's policies and procedures regarding leave, Plaintiff's leave documents, all of Defendant's notes, documents and emails memorializing discussions with Plaintiff and communications regarding her leave, as well as documents between Defendant and Sedgwick (Defendant's 3rd party administrator) pertaining to Plaintiff and Plaintiff's claim for workers' compensation.

**Walgreens' Evidence, Witnesses, and Key Documents:**

1. Plaintiff;
2. Deborah Bruno; and
3. Witnesses identified by Plaintiff.

The key evidence and documents will include Defendant's equal employment opportunity policies and procedures, Plaintiff's personnel file, Plaintiff's medical records, and any records maintained by Plaintiff relevant to her claims. As discovery is only beginning, Walgreens reserves the right to name additional witnesses identified throughout the course of this litigation.

e. <u>Damages</u>.

**Plaintiff's Position on the realistic range of provable damages:**

Plaintiff earned approximately $10 an hour, plus applicable benefits, at the time of her termination (November 1, 2009). Plaintiff estimates, subject to review of documents, that she worked approximately 31 hours per week. Taking $10 x 31 x 4 weeks = approximately $1,240 monthly. Plaintiff has been unemployed approximately 21 months since her termination. $1,240 x 21 months = Lost earnings to date of approximately $26,040. Plaintiff seeks lost earnings to date, as well as lost earnings capacity in an amount according to proof at trial. Plaintiff will seek damages in an amount according to proof at trial.

Plaintiff seeks damages for emotional distress and pain and suffering caused by Defendant's adverse employment actions against her, including termination, in an amount according to proof.

Medical - In an amount according to proof;

Punitive - In an amount according to proof; and

Attorneys' Fees and Costs - In amount according to proof.

**Walgreens' Position:**

Plaintiff is not entitled to recover damages.

///

f. <u>Insurance</u>.

None at issue.

g. <u>Motions</u>.

The parties do not currently anticipate the filing of any motions to amend the pleadings, add parties or claims, transfer venue, etc. The parties anticipate filing pretrial dispositive motion(s) and potential motions in limine.

h. <u>Manual for Complex Litigation</u>.

Not applicable.

i. <u>Status of Discovery</u>.

The parties have propounded written discovery and discussed dates for the depositions of Plaintiff and Walgreens' witnesses. The parties have agreed to exchange responses to written discovery and initial disclosures on October 7, 2011.

j. <u>Discovery Plan</u>.

**Plaintiff's Discovery Plan:**

| Discovery Mechanism | Deponent/Recipient of Discovery | Anticipated Completion Date |
|---|---|---|
| Depositions | 1. Debra Bruno | 1. November 2011 |
| | 2. Laura Callius | 2. November 2011 |
| | 3. Defendant's Person(s) Most Knowledgeable & Request for Docs | 3. November 2011 |
| | 4. Other third-party witnesses identified during discovery | 4. Prior to discovery cut-off. |
| | 5. Defendant's expert witness(es), if any | 5. Prior to expert discovery cut-off. |
| Request for | Walgreens | October 7, 2011 and |

| Production of Documents | | prior to discovery cut-off if further discovery is required. |
|---|---|---|
| Special Interrogatories | Walgreens | October 7, 2011 and prior to discovery cut-off if further discovery is required. |
| Request for Admissions | Walgreens | Unknown. |

**Walgreens' Discovery Plan:**

| Discovery Mechanism | Deponent/Recipient of Discovery | Completion Date |
|---|---|---|
| Depositions | 1. Plaintiff<br>2. Plaintiff's expert witness(es), if any | 1. November 2011<br>2. Prior to the expert discovery cut-off date. |
| Request for Production of Documents | Plaintiff | October 7, 2011 and prior to discovery cut-off if further discovery is required. |
| Special Interrogatories | Plaintiff | October 7, 2011 and prior to discovery cut-off if further discovery is required. |
| Request for Admissions | Plaintiff | Unknown. |

7
JOINT RULE 26(f) REPORT

| Subpoena(s) | Plaintiff's Medical Providers | Unknown. |

k. <u>Discovery cut-off</u>.

**Plaintiff's Proposed Non-Expert Discovery Cut-Off:**

    a)    Completion of non-expert discovery:    June 4, 2012

**Walgreens' Proposed Non-Expert Discovery Cut-Off:**

    a)    Completion of non-expert discovery:    June 4, 2012

l. <u>Expert Discovery</u>.

**Plaintiff's Proposed Expert Discovery Plan and Cut-Offs:**

    a)    Initial Expert Witness Disclosure:    July 2, 2012

           Expert Witness Reports Exchanged:    July 2, 2012

           Rebuttal Expert Witness Disclosure:    August 2, 2012

           Rebuttal Expert Witness Reports Exchanged: August 2, 2012

    b)    Completion of Expert Discovery:    September 7, 2012

**Walgreens' Proposed Expert Discovery Plan and Cut-Offs:**

    a)    Initial Expert Witness Disclosure:    July 2, 2012

           Expert Witness Reports Exchanged:    July 2, 2012

           Rebuttal Expert Witness Disclosure:    August 2, 2012

           Rebuttal Expert Witness Reports Exchanged: August 2, 2012

    b)    Completion of Expert Discovery:    September 7, 2012

m. <u>Dispositive Motions</u>.

**Plaintiff's Position:**

    Plaintiff anticipates bringing a motion for summary judgment or, in the alternative, partial summary judgment asserting that Defendant failed in its affirmative duties to engage in the interactive process and accommodate Plaintiff's known disability and request for accommodation, among other claims as determined in discovery. Plaintiff is presently not in a position to ascertain the claims and/or issues that may be determined by motion in limine.

/ / /

**Walgreens' Position:**

Walgreens anticipates bringing a motion for summary judgment or, in the alternative, summary adjudication, as to each of Plaintiff's claims for relief. Walgreens is presently not in a position to ascertain the claims and/or issues that may be determined by motion in limine.

n. <u>Settlement</u>.

The parties have not conducted any formal settlement discussions to date. Plaintiff has noted that the matter may be ripe for mediation upon Plaintiff's receipt of all documents memorializing Plaintiff's leave. The parties have selected Settlement Option No. 3 under Local Rule 16.15-4 and agreed to participate in private, non-judicial dispute resolution proceeding with an experienced employment mediator and are in the process of identifying a mediator and selecting a date.

o. <u>Trial</u>.

**Plaintiff's Position:**

Plaintiff has requested a jury trial, estimated length 4 days. Plaintiff anticipates calling 5-7 witnesses at this time.

**Walgreens' Position:**

Walgreens estimates the length of trial will be 4 days. Walgreens anticipates calling approximately 5 – 7 witnesses at this time.

p. <u>Trial Counsel</u>.

Plaintiff will be represented at trial by Michael G. Jacob, Esq.

Walgreens will be represented at trial Rex D. Berry and Erick C. Turner of the law firm Berry & Block LLP.

q. <u>Independent Expert or Master</u>.

The parties do not anticipate the need for an independent expert or master.

r. <u>Timetable</u>.

Please see Exhibit "A".

s.   <u>Other Issues</u>.

The parties are currently unaware of any other issues that require the Court's attention at this time.

Dated: September 26, 2011        <u>  /s/ *Michael G. Jacob, Esq.*  </u>
Michael G. Jacob, Esq.
Attorney for Plaintiff Anna Missouri

Dated: September 26, 2011        <u>  /s/ *Rex Darrell Berry, Esq.*  </u>
Rex Darrell Berry, Esq.
Attorney for Defendant Walgreen Co.

**JOINT RULE 26(f) REPORT**

*Missouri v. Walgreens, et al.*
Los Angeles Superior Court, Case No. BC462224
U.S.D.C., Central District, Case No. 2:11-CV-05464-DSF-VBK

### DECLARATION OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am an employee of Berry & Block LLP, and my business address is 2150 River Plaza Drive, Suite 415, Sacramento, CA 95833. On this day I caused to be served the following document(s):

### JOINT RULE 26(f) REPORT

☒ by placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as follows:

**Attorney for Plaintiff**
Michael G. Jacob
KESLUCK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069-3309
(310) 273-3180; Fax: (310) 273-6137

☒ **BY MAIL:** I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal Service at Sacramento, California, after the close of the day's business.

☐ **BY PERSONAL DELIVERY:** I caused such envelope to be delivered by hand.

☐ **BY OVERNIGHT COURIER:** I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

☒ **BY FEDERAL ELECTRONIC FILING:** I caused such document(s) to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and copies of the document(s) to the parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on *September 26, 2011*, at Sacramento, California.

_____
Jenny O'Shaughnessy

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: Anna Missouri v. Walgreen Co.

CASE NO: CV 11-5464 DSF

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length 5-7 days) (**Tuesday**) | 8:00 am | | 12/4/12 | same | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 3:00pm | 4 | 11/6/12 | same | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | 10/23/12 | same | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5,6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | 10/16/12 | same | |
| Last date to conduct Settlement Conf., LR 16-15 | | 12 | 9/11/12 | same | |
| Last day for **hearing** motions, LR 7 | | 14 | 8/28/12 | same | |
| Non-expert Discovery Cut-off | | | 6/4/12 | same | |
| Expert Disclosure (initial) | | | 7/2/12 | same | |
| Expert Disclosure (rebuttal) | | | 8/2/12 | same | |
| Expert Discovery Cut-off | | | 9/7/12 | same | |
| Last Date to Amend Pleadings or Add Parties | | | | | |
| | | | | | |

LR 16-15 Settlement Choice:  ☐ 1. USMJ     ☒ 3. Outside ADR

☐ 2. Attorney Settlement Panel

Exhibit A

9